# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 20-2622

**Caption [use short title]**

**Motion for:** 30-day abeyance of appeal and extension of briefing deadlines

State of New York, et al. v. U.S. Immigration and Customs Enforcement, et al.

**Set forth below precise, complete statement of relief sought:**

As set forth in the appended memorandum, the motion seeks a 30-day abeyance of this appeal and corresponding 30-day extensions of the plaintiffs-appellees' opposition brief, due on Feb. 19, 2021, and defendants-appellants' reply brief, due on Mar. 12, 2021, to allow new agency officials to review the underlying policy which is the subject of this appeal.

**MOVING PARTY:** U.S. Immigration and Customs Enforcement, et al.
**OPPOSING PARTY:** State of New York, et al.

☐ Plaintiff ☐ Defendant
☑ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Tomoko Onozawa
**OPPOSING ATTORNEY:** Steven C. Wu

[name of attorney, with firm, address, phone number and e-mail]

U.S. Attorney's Office, Southern District of New York
86 Chambers Street, New York, NY 10007
T: (212) 637-2721 / tomoko.onozawa@usdoj.gov

State of New York, Office of the Attorney General
28 Liberty Street, New York, NY 10005
T: (212) 416-6312 / steven.wu@ag.ny.gov

**Court-Judge/Agency appealed from:** U.S. District Court for the Southern District of New York (Rakoff, D.J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☑ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Tomoko Onozawa    **Date:** 2/4/2021    Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| STATE OF NEW YORK, et al., | |
|---|---|
| Plaintiffs-Appellees, | |
| v. | No. 20-2622 |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | |
| Defendants-Appellants. | |

**MEMORANDUM IN SUPPORT OF MOTION TO
HOLD APPEAL IN ABEYANCE**

This memorandum is respectfully submitted in support of defendants-appellants' motion to grant a 30-day abeyance of this appeal and corresponding extensions of time for plaintiffs-appellees to file their opposition brief, to March 22, 2021, and for defendants to file their reply brief, to April 12, 2021.

This appeal involves an Administrative Procedure Act ("APA") challenge to Immigration and Customs Enforcement ("ICE") Directive 11072.1 (the "Directive"), which delineates the circumstances under which federal immigration officers may conduct civil immigration enforcement actions at or around New York State courthouses. The issues before this Court concern whether the Directive exceeds ICE's statutory authority because the Immigration and Nationality Act incorporates an asserted common-law privilege against civil arrests

at courthouses and whether ICE's adoption of its courthouse enforcement policy beginning in 2017, and its codification a year later in the Directive, was arbitrary and capricious, in violation of section 706(2)(A) of the APA.

By order entered on June 10, 2020, the district court (Rakoff, D.J.) held that ICE's courthouse arrest policy, as embodied in the Directive, was contrary to law, and enjoined ICE from conducting civil immigration enforcement arrests on the premises or grounds of New York State courthouses, and from arresting anyone required to travel to a New York State courthouse as a party or witness to a lawsuit.

On November 20, 2020, defendants timely filed their opening brief and the Joint Appendix.

On December 1, 2020, this Court set the deadline for plaintiffs-appellees' opposition brief as February 19, 2021. If plaintiffs file their brief on that date, under Local Rule 31.2, defendants' reply brief would be due on March 12, 2021.

On January 20, 2021, the Acting Secretary of the Department of Homeland Security ("DHS"), David Pekoske, issued a memorandum (the "DHS Memorandum") which directed "Department of Homeland Security components to conduct a review of policies and practices concerning immigration enforcement." *See* Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities (Jan. 20, 2021), *available at*

https://www.dhs.gov/sites/default/files/publications/21_0120_enforcement-memo_signed.pdf.

ICE has informed the Department of Justice that the Directive is subject to the DHS Memorandum and that the agency will be reviewing the Directive in accordance with the DHS Memorandum.

For these reasons, defendants request that, in order to provide additional time for agency officials with decisionmaking responsibility to review this case, the issues it presents, and the Directive itself, the Court hold this case in abeyance for 30 days and grant a 30-day extension of time for the plaintiffs-appellees to file their opening brief, until March 22, 2021, and for defendants-appellees to file their reply brief until April 12, 2021.

Plaintiffs-appellees have consented to this request.

Dated:  February 4, 2021
        New York, New York

    Respectfully submitted,

    AUDREY STRAUSS
    United States Attorney for the
    Southern District of New York

By:    */s/ Tomoko Onozawa*
    REBECCA R. FRIEDMAN
    TOMOKO ONOZAWA
    BENJAMIN H. TORRANCE
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, New York 10007